UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:18-CV-00180-JAR |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This is an action under 42 U.S.C. § 405(g) for judicial review of the Commissioner of Social Security's final decision denying Plaintiff David Johnson's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* and supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq.* For the reasons set forth below, the decision of the Commissioner will be reversed and the case remanded for further proceedings.

### I. Background

Plaintiff applied for disability insurance benefits and supplemental security income benefits on May 9, 2013, alleging disability as of September 18, 2012, resulting primarily from a motorcycle accident. After his application was denied at the initial administrative level, Plaintiff requested a hearing before an administrative law judge ("ALJ"). The ALJ held three separate hearings before issuing a written decision on August 8, 2016, denying Plaintiff's application. On December 1, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. *See Sims v. Apfel*, 530 U.S. 103, 107 (2000).

## II. Facts

The Court adopts Plaintiff's Statement of Facts (Doc. No. 19) to the extent they are admitted by the Commissioner. (Doc. No. 25-1). The Court also adopts Defendant's Statement of Additional Facts. (Doc. No. 25-2). Together, these statements provide a fair and accurate description of the relevant record before the Court. Additional specific facts will be discussed as necessary to address the parties' arguments.

## III. Standards

To be eligible for disability insurance benefits and supplemental security income under the Social Security Act, Plaintiff must prove that he is disabled. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Secretary of Health & Human Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). The Social Security Act defines disability as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). An individual will be declared disabled "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner engages in a five-step evaluation process to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The first three steps involve a determination as to whether the claimant is currently engaged in substantial gainful activity; whether he has a severe impairment; and whether his

severe impairment(s) meets or medically equals the severity of a listed impairment. At Step 4 of the process, the ALJ must assess the claimant's residual functional capacity ("RFC") – that is, the most the claimant is able to do despite his physical and mental limitations, *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011) – and determine whether the claimant is able to perform his past relevant work. *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005) (RFC assessment occurs at fourth step of process). If the claimant is unable to perform his past work, the Commissioner continues to Step 5 and determines whether the claimant can perform other work as it exists in significant numbers in the national economy. If so, the claimant is found not to be disabled, and disability benefits are denied.

The claimant bears the burden through Step 4 of the analysis. If he meets this burden and shows that he is unable to perform his past relevant work, the burden shifts to the Commissioner at Step 5 to produce evidence demonstrating that the claimant has the RFC to perform other jobs in the national economy that exist in significant numbers and are consistent with his impairments and vocational factors such as age, education, and work experience. *Phillips v. Astrue*, 671 F.3d 699, 702 (8th Cir. 2012). If the claimant has nonexertional limitations, including those caused by a severe mental impairment, the Commissioner may satisfy her burden at Step 5 through the testimony of a vocational expert. *King v. Astrue*, 564 F.3d 978, 980 (8th Cir. 2009).

The Court must affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010). Substantial evidence is less than a preponderance but enough that a reasonable person would find it adequate to support the conclusion. *Jones*, 619 F.3d at 968. Determining whether there is substantial evidence requires scrutinizing analysis. *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007).

The Court must consider evidence that supports the Commissioner's decision as well as any evidence that fairly detracts from the decision. *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010). If, after reviewing the entire record, it is possible to draw two inconsistent positions and the Commissioner has adopted one of those positions, the Court must affirm the Commissioner's decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2012). The Court may not reverse the Commissioner's decision merely because substantial evidence could also support a contrary outcome. *McNamara*, 590 F.3d at 610.

## IV. RFC

A claimant's RFC is the most he can do despite his physical or mental limitations. *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). The ALJ bears the primary responsibility for assessing a claimant's RFC based on all relevant, credible evidence in the record, including medical records, the observations of treating physicians and others, and the claimant's own description of his symptoms and limitations. *Goff*, 421 F.3d at 793; *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004); 20 C.F.R. §§ 404.1545(a), 416.945(a). Accordingly, when determining a claimant's RFC, the ALJ must necessarily evaluate the consistency of the claimant's subjective complaints with the evidence of record. *Wagner v. Astrue*, 499 F.3d 842, 851 (8th Cir. 2007); *Tellez v. Barnhart*, 403 F.3d 953, 957 (8th Cir. 2005). In addition, because a claimant's RFC is a medical question, "the ALJ should obtain medical evidence that addresses the claimant's ability to function in the workplace." *Hutsell v. Massanari*, 259 F.3d 707, 712 (8th Cir. 2001). Some medical evidence must support the ALJ's RFC determination. *Vossen v. Astrue*, 612 F.3d 1011, 1016 (8th Cir. 2010); *Hutsell*, 259 F.3d at 711-12. The burden to prove the claimant's RFC rests with the claimant, however, and not the Commissioner. *Pearsall*, 274 F.3d at 1217.

## V. Decision of the ALJ

The ALJ found Plaintiff had the severe impairments of degenerative disc disease, diabetes mellitus, and obesity, but that no impairment or combination of impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 12). After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform medium work as defined in 20 CFR § 404.1567(c) and 416.967(c), with additional limitations that Plaintiff should never climb ropes, ladders, or scaffolds, and should only occasionally climb ramps and stairs, stoop, kneel, crouch, and crawl. (Tr. 13). The ALJ found Plaintiff capable of performing his past relevant work as a driver, a security guard, and a landfill operator, which did not require the performance of work-related activities precluded by his RFC. (Tr. 17). Thus, the ALJ found Plaintiff was not disabled as defined by the Act. (Tr. 19).

## VI. Discussion

In his appeal of the Commissioner's decision, Plaintiff argues that the ALJ failed to evaluate the record as a whole when making her determination. Specifically, Plaintiff maintains that the ALJ only considered objective findings and improperly disregarded Plaintiff's subjective complaints. Plaintiff also argues that the ALJ failed to properly evaluate opinion evidence.

An ALJ may not disregard "a claimant's subjective complaints solely because the objective medical evidence does not fully support them." *Renstrom v. Astrue*, 680 F.3d 1057, 1066 (8th Cir. 2012) (quoting *Wiese v. Astrue*, 552 F.3d 728, 733 (8th Cir. 2009)). Instead, an ALJ may discount a claimant's subjective complaints "if there are inconsistencies in the record as a whole." *Wildman v. Astrue*, 596 F.3d 959, 968 (8th Cir. 2010). If an ALJ discounts a claimant's subjective complaints, he or she is required to "make an express credibility

5

determination, detailing the reasons for discounting the testimony, setting forth the inconsistencies, and discussing the *Polaski* factors." *Renstrom*, 680 F.3d at 1066 (quoting *Dipple v. Astrue*, 601 F.3d 833, 837 (8th Cir. 2010)). Those factors include daily activities; work history; intensity, duration, and frequency of symptoms; any side effects and efficacy of medications; triggering and aggravating factors; and functional restrictions. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).

Where an ALJ seriously considers, but for good reason explicitly discredits, a claimant's subjective complaints, the Court will not disturb the ALJ's credibility determination. *See Johnson v. Apfel*, 240 F.3d 1145, 1148 (8th Cir. 2001); *see also Schultz v. Astrue*, 479 F.3d 979, 983 (8th Cir. 2007) (providing that deference is given to an ALJ when the ALJ explicitly discredits a claimant's testimony and gives good reason for doing so); *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003) ("If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, we will normally defer to the ALJ's credibility determination.").

Here, the ALJ takes note of Plaintiff's complaints of radiating back pain following his motorcycle accident, as well as his complaints of pain documented throughout his medical records. The ALJ reviewed Plaintiff's imaging records from January 2013 and April 2016, noting that they reflected only mild degenerative changes to Plaintiff's lumbosacral spine. The ALJ also identified the absence of any significant pursuit of medical care related to his back after December 2013. The ALJ observed that Plaintiff was able to engage in a variety of daily activities, including caring for his mother, attending to the care of a pet, preparing meals, cleaning his household, driving a car, and shopping in stores. Thus, the ALJ concluded that while Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's statements concerning the intensity, persistence, and limiting

6

effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record. The ALJ did not, however, expressly discredit Plaintiff's subjective complaints as a whole.

The ALJ consulted a non-examining physician, Ronald Kendrick, M.D., who diagnosed Plaintiff with diabetes, diabetic neuropathy, degenerative lumbar disc disease with an annular tear in L3-4, and some disc protrusions at multiple levels. (Tr. 83). Dr. Kendrick also opined that Plaintiff suffers from chronic pain. Then, the ALJ asked Dr. Kendrick the following:

> Q: Okay. And with respect to [Plaintiff's] impairments, does he meet or equal any listing?
>
> A: I don't believe so.
>
> Q: Okay. And then with respect to the combination of his impairments, what would you recommend as an RFC?
>
> A: I'd actually peg him at a sedentary RFC because of the persistence and severity of his chronic pain.
>
> Q: Well, without the pain, [what] would you rate him at?
>
> A: Without the pain, he could do medium work.

(Tr. 84).

The ALJ ultimately found that Plaintiff has the RFC to perform medium work with certain limitations. (Tr. 13). The ALJ afforded Dr. Kendrick's opinion considerable weight, stating that she "is aware that Dr. Kendrick testified to a more restrictive residual capacity if consideration were afforded to the claimant's subjective complaints of pain." (Tr. 13-14). However, the ALJ opined that "no weight is afforded such portion of Dr. Kendrick's testimony in as much as a finding for disability must be based upon the objective as opposed to subjective record." (Tr. 14).

The ALJ's statement that a finding for disability must be based upon the objective as opposed to the subjective record is an erroneous statement of the law, as a disability determination requires evaluation of both the objective and subjective record. Therefore, the Court must determine whether the ALJ's misstatement of the law was harmless error. *See Dewey v. Astrue,* 509 F.3d 447, 449–50 (8th Cir. 2007) (error is harmless when it would not affect the ALJ's decision).

Here, the ALJ made a record of Plaintiff's subjective complaints and identified inconsistencies in the record. However, the ALJ's misstatement of the law and disregard of Dr. Kendrick's sedentary RFC recommendation was not harmless error. Instead, the error appears to have affected the outcome of the ALJ's RFC assessment because the ALJ determined that Plaintiff had an RFC to perform medium work. Thus, the misstatement may have affected the decision of the ALJ. *Johnson v. Comm'r of Soc. Sec.,* No. CIV. 11-1268 JRT/SER, 2012 WL 4328389, at *7 (D. Minn. Sept. 20, 2012).

Further, it is unclear from the record what, if any, weight the ALJ gave to Plaintiff's subjective complaints. As noted previously, the ALJ stated that Plaintiff's subjective complaints of pain were not *entirely* consistent with the objective medical record, implying that at least some of his complaints of pain were credible. This is inconsistent with the hypothetical posed to Dr. Kendrick asking him to discount all complaints of pain.

### VII. Conclusion

The Court finds problematic the ALJ's statement that a finding for disability must be based only on the objective record and believes that remand is necessary. "It is the ALJ's responsibility to determine a claimant's RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own descriptions of his

limitations." *Pearsall*, 274 F.3d at 1217. In short, a disability determination requires evaluation of both objective and subjective evidence in the record.

The Court notes that upon remand the ALJ may still ultimately conclude that Plaintiff is not disabled. However, before doing so, the ALJ should reevaluate the existing record in light of the standard articulated in *Pearsall*.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner is **REVERSED and the case is REMANDED** for further proceedings consistent with this Memorandum and Order.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 28th day of March, 2019.

                                                    JOHN A. ROSS
                                                    UNITED STATES DISTRICT JUDGE